UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

DONALD TRICE,

                            Plaintiff,

      -against-

CITY OF NEW YORK, DETECTIVE ALEXANDROS KALOGIROS, and JOHN/JANE DOE # 1 - 10,

                            Defendants.

-----------------------------------------------------------------x

14 CV 8367

COMPLAINT

JUDGE FAILLA

JURY TRIAL DEMANDED

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff Donald Trice's rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

### JURY DEMAND

5. Mr. Trice demands a trial by jury in this action.

### PARTIES

6. Mr. Trice is a resident of the County of Bronx, State of New York.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Detective Alexandros Kalogiros ("Kalogiros") was an officer, employee, and agent of Defendant City of New York.

11. At all times relevant herein, Defendant Kalogiros was acting within the scope of his employment with Defendant City of New York.

12. At all times relevant herein, Defendant Kalogiros was acting under color of state law.

13. Defendant Kalogiros is sued in his individual and official capacities.

14. At all times relevant herein, Defendants John/Jane Doe # 1 - 10 were supervisors, officers, employees, and/or agents of Defendant City of New York.

15. At all times relevant herein, Defendants John/Jane Doe # 1 - 10 were acting within the scope of their employment with Defendant City of New York.

16. At all times relevant herein, Defendants John/Jane Doe # 1 - 10 were acting under color of state law.

17. Defendants John/Jane Doe # 1 - 10 are sued in their individual and official capacities.

18. The names John/Jane Doe # 1 - 10 are fictitious, their true names being unknown to Mr. Trice at this time.

## STATEMENT OF FACTS

19. On April 11, 2012, Mr. Trice and was lawfully present at 940 St. Nicholas Avenue, New York, New York 10032 ("Subject Location").

20. Mr. Trice's mother was having a get together at the Subject Location which was attended by several people, including a woman named Tracy Brown.

21. Mr. Trice left the location and went to a store to buy chips and other items for the get together.

22. Mr. Trice was gone from the subject location approximately fifteen minutes.

23. Mr. Trice came back to the Subject Location and buzzed at the lobby entrance to be let back inside.

24. A man in plainclothes opened the door for Mr. Trice.

25. As Mr. Trice entered the lobby, the man, pushed Mr. Trice against a side wall and held him in the lobby.

26. Mr. Trice was then searched, placed in handcuffs, and sat in the hallway.

27. No illegal contraband was found on Mr. Trice's person.

28. At that time, Mr. Trice saw individual defendants in plainclothes and bunker gear lined up in the hallway.

29. The individual defendants then forcibly entered into the apartment shared by Mr. Trice, his brother, and his mother.

30. The individual defendants searched the apartment and alleged to have found cocaine on Tracy Brown.

31. Despite having found the cocaine on Tracy Brown, the individual defendants placed all of the adults inside the apartment under arrest for, upon information and belief, a violation of New York Penal Law § 220.03

32. Mr. Trice was also placed under arrest for, upon information and belief, a violation of New York Penal Law § 220.03.

33. Plaintiff's arrest was without probable cause.

34. Plaintiff's arrest was approved at the Subject Location by the supervising officer, one of the individual defendants herein.

35. Any alleged narcotics were not in close proximity to Mr. Trice.

36. No circumstances within the Subject Location indicated that the Subject Location was being used as a drug factory and the alleged narcotics were not in plain view.

37. Mr. Trice was transported to a police precinct.

38. Upon entering the precinct, Mr. Trice and was strip and body cavity searched by the individual defendants.

39. Mr. Trice and had no contraband on his person, and Mr. Trice and had done nothing to give the individual defendants reasonable suspicion or probable cause to conduct the strip search.

40. Upon information and belief, the individual defendants spoke with the New York County District Attorneys' Office, individually and collectively lying to the New York County District Attorney's Office that Mr. Trice and had violated New York Penal Law § 220.03.

41. Upon information and belief, based on these fabricated allegations, the New York County District Attorney's Office forwarded to the individual defendants a Criminal Court Complaint.

42. Upon information and belief, the Criminal Court Complaint was reviewed and then signed by the individual defendants.

43. Upon information and belief, when reviewing and signing the Criminal Court Complaint, the individual defendants knew the allegations contained therein to be false.

44. Upon information and belief, the executed Criminal Court Complaint was then forwarded by the individual defendants to the New York County District Attorney's Office.

45. Legal process was issued against Mr. Trice, and Mr. Trice and was subsequently arraigned.

46. During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the New York County District Attorney's Office, *inter alia*, arrest reports, complaint reports, evidence vouchers, and property vouchers.

47. Just before his arraignment, the New York County District Attorney's Office declined to prosecute Mr. Trice.

48. Mr. Trice was released from custody without being arraigned.

49. Mr. Trice and suffered damage as a result of Defendants' actions. Mr. Trice and was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

50. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

51. Defendants, by their conduct toward Mr. Trice as alleged herein, violated Mr. Trice's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

52. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

53. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

54. The individual defendants violated the Fourth and Fourteenth Amendments because they stopped; searched; and strip and body cavity searched Mr. Trice without reasonable suspicion.

55. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
*False Arrest*

56. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

57. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Trice without probable cause.

58. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

59. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

60. The individual defendants created false evidence against Mr. Trice.

61. The individual defendants forwarded the false evidence to prosecutors in the New York County District Attorney's Office.

62. In creating false evidence against Mr. Trice, and in forwarding false evidence to prosecutors, the individual defendants violated Mr. Trice's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

63. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

## FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

64. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

65. The individual defendants issued and/or caused to be issued legal process to place Mr. Trice under arrest.

66. The individual defendants arrested Mr. Trice in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to create a situation under which all of the occupants of the Subject Location could be evicted under a public nuisance lawsuit by subjecting them to criminal allegations of possession of a controlled substance.

67. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the New York County District Attorney's Office and continuing to participate in the prosecution of Mr. Trice.

68. The individual defendants acted with intent to do harm to Mr. Trice without excuse or justification.

69. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

### SIXTH CAUSE OF ACTION
*Malicious Prosecution*

70. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

71. The individual defendants initiated the criminal proceedings against Mr. Trice by issuing and/or causing to be issued legal process against Mr. Trice.

72. The individual defendants lacked probable cause to commence the criminal proceedings against Mr. Trice.

73. The individual defendants' actions were motivated by actual malice.

74. The criminal proceedings were terminated in favor of Mr. Trice.

75. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

### SEVENTH CAUSE OF ACTION
*Failure to Intervene*

76. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

78. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

79. As a direct and proximate result of this unlawful conduct, Mr. Trice sustained the damages alleged herein.

### EIGHTH CAUSE OF ACTION
*Monell*

80. Mr. Trice repeats and re-alleges each and every allegation as if fully set forth herein.

81. This is not an isolated incident. Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Trice.

82. Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

83. The practice of arresting every adult within a home after the execution of a search warrant was evident during, among other occurrences, the November 19, 2010, search warrant execution at 395 Vermont Street, Brooklyn, New York for which a lawsuit was filed in the United Stated District Court, Eastern District of New York under Index Number 13 CV 765 (BMC); the May 4, 2012, search warrant execution at 300 East 138th Street, Apartment 9C, Bronx, New York; and the December 15, 2010, search warrant execution at 1348 Webster Avenue, Apartment 7G,

Bronx, New York for which a lawsuit was filed in the United Stated District Court, Southern District of New York under Index Number 12 Civ. 5289 (PAC).

84. Defendant City of New York is aware of these practices, having launched internal investigations into the matter, but has failed to discontinue the practice of arresting every adult inside a home after alleged contraband is found despite said adults not being in proximity, constructive possession, or actual possession of the alleged contraband.

85. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, perjury, and the wholesale arrest of every adult within a home after the execution of a search warrant.

86. This quota policy requires that police officers, including the individual defendants named herein, make a certain number of arrests and/or write a certain number of summonses and desk appearance tickets within an allocated time period.

87. Officers that meet the required number of arrests, summonses, and desk appearance tickets are classified as active officers.

88. Officers that do not meet the required number of arrests, summonses, and desk appearance tickets are classified as inactive officers.

89. Active officers are given promotion opportunities that are not afforded to inactive officers.

90. Active officers are given overtime opportunities, such as security at parades, etc., that are not afforded to inactive officers.

91. The quota policy does not differentiate between arrests, summonses, and desk appearance that are supported by probable cause and ones that are not.

92. Defendant City of New York, through the NYPD, does nothing to ensure that officers, in trying to fulfill this quota policy, are making arrests and issuing summonses and desk appearance tickets lawfully. There are no post-arrest investigations that are performed, and no policies in place that would prevent abuse of this policy, such as is demonstrated in the instant case.

93. Defendant City of New York, through the NYPD, does nothing to determine the outcome of the charges levied against arrestees in order to proper counsel officers as to the lawfulness of their arrests/issuance of summonses and desk appearance tickets.

94. The failure of Defendant City of New York to, *inter alia*, take these steps encourages, *inter alia*, unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury, in that the quota policy provides, *inter alia*, career and monetary incentives to officers, including the individual defendants herein.

95. Defendant City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, perjury, and the wholesale arrest of every adult within a home after the execution of a search warrant

96. Defendant City of New York, through the NYPD, provides officers, including the individual defendants herein, with overtime opportunities when arrest are made, or summonses and desk appearance tickets are issued.

97. Upon making an arrest or issuing summons or desk appearance ticket, an arresting officer submits a request for overtime to his commanding officer.

98. These requests are essentially rubberstamped, with commanding officers performing no investigation into the circumstances of the arrest.

99. Defendant City of New York, through the NYPD, does not perform any post-arrest investigation and there are no policies in place to prevent abuse of this overtime policy.

100. As a result of this overtime policy, officers, including the individual officers named herein, abuse this overtime policy, making baseless arrests and wrongfully issuing summonses and desk appearance tickets to substantially supplement their income through overtime pay.

101. The aforementioned quota and overtime policies are further exacerbated by rampant flaking within the NYPD.

102. Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

103. Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

104. These policies, practices, and customs were the moving force behind Mr. Trice's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Trice respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b)   Punitive damages against the individual defendants, jointly and severally;

(c)   Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)   Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 20, 2014

Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com